UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD K. PHILLIPS, *et al.*, | ) | CASE NO. 1:23-cv-1867 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| EWHEELS EW10, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Before the Court is a Complaint filed by Plaintiff Gerald K. Phillips *pro se.* (Doc. No. 1.) The Complaint also lists William F. Phillips, who is deceased, as a plaintiff. (*Id.*; *see also* Doc. No. 1-1 at 9.)[1] Gerald Phillips filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) The Court reviews the Complaint in accordance with 28 U.S.C. § 1915(e)(2).

I. **Background**

On September 13, 2021, a first responder in Brooklyn, Ohio saw a motorized scooter going down the sidewalk with no rider. (Doc. No. 1-7 at 18.) He stopped and found the rider William F. Phillips, age 83, on the sidewalk. (*Id.*) The incident did not appear to be a hit-and-run auto collision, nor was foul play suspected. (*Id.*) William Phillips was transported to Metro Health Medical Center where he underwent surgery for head injuries. (*Id.*) He did not recover and died from his injuries on September 20, 2021. (*Id.*)

A. **Plaintiffs**

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Plaintiff Gerald Phillips filed this action. (Doc. No. 1.) Gerald Phillips is the son of the decedent William Phillips. (Doc. No. 1-1 at 9.) "The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). The Complaint's caption refers to both Gerald Phillips and his late father William as plaintiffs. (Doc. No. 1 at 1; Doc. No. 1-1 at 6.)

The Complaint seeks the following relief: "I Plaintiff ask this federal court judge to rule in favor of my claim" and award "$1 million dollars in 3 payments to the son Gerald Kenneth Phillips of William F. Phillips." (Doc. No. 1-1 at 10.) There is no reference in the caption or body of the Complaint to the estate of William Phillips. Nor is there any mention of Gerald Phillips serving as an estate administrator, executor, or similar function.

### B. Subject-Matter Jurisdiction

Plaintiff pleads two bases for federal court jurisdiction. Regarding federal question jurisdiction, Plaintiff cited 28 U.S.C. § 5001. (Doc. No. 1 at 3.) That provision creates a civil cause of action for death or personal injury in a place subject to the exclusive jurisdiction of the federal government. *See* 28 U.S.C. § 5001(a). Regarding diversity jurisdiction, Plaintiff pleads that he resides in Ohio, while Defendant is located outside the state of Ohio. (Doc. No. 1 at 1-4.)

The complaint sets forth claims for intentional tort, negligence, and products liability. (*See* Doc. No. at 3; Doc. No. 1-1 at 6, 7, 9, 10.)

## II. Law and Analysis

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

  **B.**  **Standing**

As an initial matter, Plaintiff lacks standing to raise claims for his father's injuries. A party must assert his or her own legal rights and interests and cannot rest his or her claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). William Phillips purchased the scooter, fell from the scooter and sustained injuries which led to his death. The fact that Plaintiff may be collaterally affected by the adjudication of his father's rights does not

necessarily extend the Court's Article III powers to him. *Allstate Insurance Co.*, 760 F.2d at 692. Plaintiff does not allege that he – Plaintiff – suffered injury.

### C. Section 5001

Plaintiff's Complaint relies in part on Section 5001 of the federal Judicial Code. (Doc. No. 1 at 3.) That section provides:

(a) Death. —

In the case of the death of an individual by the neglect or wrongful act of another in a place subject to the exclusive jurisdiction of the United States within a State, a right of action shall exist as though the place were under the jurisdiction of the State in which the place is located.

(b) Personal Injury. —

In a civil action brought to recover on account of an injury sustained in a place described in subsection (a), the rights of the parties shall be governed by the law of the State in which the place is located.

28 U.S.C. § 5001.

The Complaint makes clear that William Phillips fell from his scooter near the Menards located at 7700 Brookpark Rd, Cleveland, OH 44129. (*See* Doc. No. 1-1 at 6; Doc. No. 1-7 at 18.) William Phillips died at MetroHealth Medical Center, but none of its facilities are federal exclaves subject to Section 5001. *Cf. Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 402-03 (1970); *Quadrini v. Sikorsky Aircraft Div., United Aircraft Corp.*, 425 F. Supp. 81, 87 (D. Conn. 1977), *on reconsideration,* 505 F. Supp. 1049 (D. Conn. 1981).

### D. Wrongful Death or Survivorship

4

The Complaint alleges: "This 3 wheel . . . Ewheel[s] W10 killed him. . . . Liability is not [to] have adequate safety features . . . ." (Id. at 9.) "The EWheels W10 scooter company is at fault for my deceased family member[']s unexpected shocking unplanned death . . . ." (Id. at 10.) The Complaint seeks the following relief: "I Plaintiff ask this federal court judge to rule in favor of my claim" and award "$1 million dollars in 3 payments to the son Gerald Kenneth Phillips of William F. Phillips." (Doc. No. 1-1 at 10.)

The Complaint might be liberally construed as alleging a wrongful death claim under state law. *See generally* Ohio Rev. Code. § 2125.01 (civil action for wrongful death).[2] But "a civil action for wrongful death shall be brought in the name of the personal representative of the decedent . . . ." Ohio Rev. Code § 2125.02(A). The Complaint does not allege that Gerald Phillips is the personal representative of the late William Phillips. Moreover, a wrongful death action "shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent." Ohio Rev. Code § 2125.02(A). A "plaintiff must set forth the persons, by name and relationship, for whom the action for wrongful death is brought." *Fisher v. Butler*, 224 N.E.2d 923, 924 (Ohio Com. Pl. 1966). Plaintiff does not plead this required information.

Ohio's survivorship statute provides that "causes of action for . . . injuries to the person . . . may be brought notwithstanding the death of the person entitled . . . thereto." Ohio Rev. Code

---

[2] The elements of a wrongful death claim under Ohio law are: (1) death of the decedent; (2) commencement of the action within two years thereafter; (3) a wrongful act, neglect or default of defendant that proximately caused the death and would have entitled the decedent to maintain an action and recover damages had he not died; (4) decedent was survived by a spouse, children, parents or other next of kin; and (5) survivors have incurred damages as a result of the wrongful death. *Bailey v. United States*, 115 F. Supp. 3d 882, 889 (N.D. Ohio 2015) (citing *Mansour v. Woo*, No. 2011-A-0038, 2012 WL 1493862, *7 (Ohio Ct. App. 2012)).

§ 2305.21; *see also Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018). There is no allegation of a survivorship theory in the Complaint. *Cf.* Ohio Rev. Code. § 2305.21.

Plaintiff has not pleaded the information necessary to proceed on a wrongful death[3] or survivorship theory.

### E. Statute of Limitations

Under Ohio law, "an action based on a product liability claim and an action for bodily injury . . . shall be brought within two years after the cause of action accrues." Ohio Rev. Code. § 2305.10(A). Aside from inapplicable exceptions, "a cause of action accrues under this division when the injury or loss to person . . . occurs." *Id.*

William Phillips sustained injury by falling off his scooter on September 13, 2021. (Doc. No. 1-7 at 18.) He was taken to the hospital by first responders on that day and treated for head injuries. (*Id.*)

Under Section 2305.10(A), for an action based on the scooter's alleged role in causing William's injuries, the deadline to file such an action was September 13, 2023. That is two years from the date of William's injuries.

---

[3] A wrongful death action would not be timely. Under Ohio law, "a civil action for wrongful death shall be commenced within two years after the decedent's death." Ohio Rev. Code. § 2125.02(F)(1). William Phillips died on September 20, 2021. (Doc. No. 1-7.) So the limitations period for a wrongful death action expired on September 20, 2023. This Court received and filed Plaintiff's materials on September 25, 2023. (*See* Doc. No. 1.) Although Plaintiff mailed his complaint to the Court on September 18, 2023 (Doc. No. 1-8), Plaintiff does not plead facts clearly showing that he was incarcerated at the time of mailing his papers or other facts that would bring him within the ambit of the mailbox rule (*e.g.,* that Plaintiff turned documents over to prison officials for mailing). *See generally Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("[T]he United States Supreme Court adopted the mailbox rule in holding that when a prisoner is acting pro se, his notice of appeal is considered 'filed' under federal law when he turns the petition over to the prison authorities for mailing.").

Plaintiff's Complaint shows that he signed his Complaint on September 15, 2023. (Doc. No. 1 at 5.) He mailed his Complaint to the Court on September 18, 2023. (Doc. No. 1-8.) The limitations period to file an action based on William's injuries or a products liability claim alleging that the EW-10 scooter caused those injuries had already expired on September 13, 2023.

## III. Conclusion

For the reasons stated herein, Plaintiff's motion to proceed in forma pauperis is GRANTED, and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e). The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 13, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE